# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Jacobson, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Peter Piper, Inc.,<br><br>Defendant. | No. CV-16-0596-TUC-JAS (LCK)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant Peter Piper, Inc.'s Motion to Dismiss Plaintiff Diane Jacobsen's Complaint. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the complaint against Defendant Peter Piper for lack of subject matter jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Diane Jacobsen initiated this case, on behalf of herself and others similarly situated, by filing a Complaint against Peter Piper, Inc. on September 8, 2016. (Doc. 1.) Plaintiff alleges that Defendant provided her a receipt(s) on which it printed the first four digits and the last four digits of her credit or debit card number and her name. Plaintiff alleges this violates the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c(g)(1), which prohibits a merchant from printing more than the last 5

digits of a card number on a receipt. Plaintiff alleges she was harmed by exposure to "at least an increased risk of identity theft and credit and or debit card fraud." (Doc. 1 at 12.) She seeks solely statutory damages.

Defendant filed a motion to dismiss arguing that the Court is without subject matter jurisdiction because Plaintiff lacks standing. (Docs. 14, 15, 19, 20.) In particular, Defendant argued that Plaintiff did not suffer a concrete injury in fact. After the motion was briefed, on February 2, 2017, the Court stayed the case pending the Ninth Circuit's decision in a similar case, *Noble v. Nevada Checker CAB Corp.* (Doc. 26.) After the *Noble* decision was issued, Defendant moved to lift the stay and requested that its motion to dismiss be granted; the parties supplemented the motion to dismiss briefing in light of more recent Court decisions. (Docs. 27-29.) Concurrent with this Recommendation, the Court lifts the stay.

### DISCUSSION

A federal court's jurisdiction is limited to "cases" or "controversies." U.S. Const. art. III, § 2; *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish a case or controversy, a plaintiff must demonstrate standing to bring suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The three elements of standing for a plaintiff are:

> (1)  it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61). Defendant's motion to dismiss asserts that Plaintiff fails to satisfy the first element, injury in fact; specifically, Defendant argues that Plaintiff did not suffer a concrete harm. To satisfy the Court's jurisdictional requirement and avoid dismissal, Plaintiff bears the burden of establishing standing; thus, her Complaint must allege a sufficient injury. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

FACTA, which amended the Fair Credit Reporting Act, was enacted in 2003 "[i]n an effort to combat identity theft." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 717 (9th Cir. 2010) (citing FACTA, Pub. L. 108-159, 117 Stat. 1952 (2003)). In 2007, Congress clarified that FACTA was intended to protect "consumers suffering from any *actual harm* to their credit or identity." Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565 (emphasis added). FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1). A person who is willfully noncompliant will be liable for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A).

The Supreme Court's 2016 *Spokeo* decision held that a plaintiff must allege a concrete injury even in the context of a statutory violation for which Congress has provided a right to sue and a remedy. 136 S. Ct. at 1549. To be concrete, the injury must actually exist, to be real and not abstract. *Id.* at 1548. A "bare procedural violation" detached from a concrete harm does not confer standing. *Id.* at 1549. However, the risk of real harm, if material, may satisfy the concreteness requirement. *Id.* at 1549-50. As the Supreme Court had previously stated, to satisfy the injury in fact requirement, "threatened injury must be certainly impending," while a "possible future injury" is not sufficient. *Clapper v. Amnesty Int'l. USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Because *Spokeo* reversed the Ninth Circuit for omitting the concreteness requirement for statutory violations, 136 S. Ct. at 1548, 1550, decisions issued prior to *Spokeo* are of limited value in deciding the instant motion.

As reflected in the numerous cases cited by the parties, there is not a complete consensus among district courts on whether a violation of FACTA devoid of actual harm is sufficient to confer standing.[1] In 2017, judges in this District reached opposite results

---

[1] Since *Spokeo*, the cases have been trending towards finding no standing for

when applying *Spokeo* to FACTA cases in which the Defendant was alleged to have printed the expiration date on a receipt. *Compare Deschaaf v. Am. Valet & Limousine, Inc.*, 234 F. Supp. 3d 964 (D. Ariz. 2017) (finding standing), *with Llewellyn v. AZ Compassionate Care Inc.*, No. CV-16-04181-PHX-DGC, 2017 WL 1437632 (D. Ariz. Apr. 24, 2017) (finding no standing). Since those decisions, however, the Ninth Circuit has spoken on the issue, finding no standing in accord with *Llewellyn*.

In February, the Ninth Circuit applied *Spokeo* to a FACTA case in which the plaintiff alleged the merchant violated the statute by printing the expiration date on a receipt. *See Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776 (9th Cir. 2018).[2] Bassett alleged his injury was "exposure . . . to identity theft and credit/debit fraud," because he was at "imminent risk" that his "property would be stolen and/or misused by identify thieves." *Id.* at 778. He did not allege "that a second receipt existed, that his receipt was lost or stolen, or that he was the victim of identity theft." *Id.* The Ninth Circuit relied on the only two post-*Spokeo* circuit cases on point, both of which found no standing based on analogous facts. *Id.* at 779-80 (citing *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724 (7th Cir. 2016); *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76 (2d Cir. 2017)). The court found Bassett failed to allege a **real** risk of harm as he had the ability to shred the receipt and remove any disclosure risk. *Id.* at 783. The court summarized the lack of concrete harm: "when this receipt fell into Bassett's hands . . . and no identity thief was there to snatch it, it did not make an injury." *Id.*

Plaintiff attempts to distinguish *Bassett* because her alleged FACTA violation was based not on an expiration date but the first four digits of a credit card number. Although not precedential, the Ninth Circuit's *Noble* opinion did not find that a meaningful

---

plaintiffs alleging violations of FACTA with no actual harm resulting. *See Kleg v. SP Plus Corp.*, No. 1:17-CV-03997-MLB-WEJ, 2018 WL 1807012, at *4, *5 (N.D. Ga. Mar. 5, 2018) (collecting cases).

[2] In responding to the motion to dismiss, Plaintiff argued that her case was distinct from *Spokeo* because she was not alleging a procedural violation but the violation of a substantive right. (Doc. 19 at 12-14.) The court rejected this argument in *Bassett*, 883 F.3d at 782-83, and Plaintiff does not re-urge it in her supplemental briefing (Doc. 28).

distinction and neither does this Court. *Noble v. Nev. Checker Cab Corp.*, --- F. App'x ---, No. 16-16573, 2018 WL 1223484 (9th Cir. 2018); *see also Lindner v. Roti Rests., LLC*, No. 17-CV-935, 2017 WL 3130755, at \*3 (N.D. Ill. July 24, 2017) ("the offending receipt in *Meyers* included un-redacted expiration dates rather than too many digits of the credit card number, but the Court sees no principled basis for distinguishing between the twin harms targeted by Congress"). In *Noble*, the receipt included the first digit and the last four digits of the plaintiff's credit card number. *Id.* at \*1. In finding that the plaintiff did not have standing, the Court focused on the similarities with *Bassett*. Most critically, plaintiff did not allege that anyone else had received a copy of the receipt or that he could not prevent its disclosure. *Id.* at \*2.

Plaintiff alleges that her receipt is distinct from those in *Bassett* and *Noble* because it revealed the first four digits of her credit card number as well as her name. FACTA does not prohibit the printing of a cardholder's name on the receipt and Plaintiff cites no case addressing this factor. Plaintiff relies upon the 2010 Ninth Circuit *Bateman* case,[3] which involved a receipt that contained the first and last four digits of the card number. 623 F.3d 709. *Bateman* is not persuasive for two reasons. One, it was decided before *Spokeo*, which determined the Ninth Circuit had improperly interpreted the injury requirement for statutory violations. *Spokeo*, 136 S. Ct. at 1548. And two, the case addressed the propriety of class certification not whether the plaintiffs had standing. *Bateman*, 623 F.3d at 710-11. For these reasons, the Court does not rely upon *Bateman* in its analysis.

---

[3] Plaintiff also relies upon the *Zappos* case from the Ninth Circuit to argue that Congress's concern over the disclosure of credit card numbers is sufficient to confer standing. *In re Zappos.com, Inc.*, 888 F.3d 1020 (9th Cir. 2018) ("Congress has treated credit card numbers as sufficiently sensitive to warrant legislation prohibiting merchants from printing such numbers on receipts"). In that case, hackers had stolen the plaintiffs' personal information including full credit card numbers. *Id.* at 1023. They sued alleging that Zappos failed to protect their information. The court found standing because there was a credible threat of identity theft based on the nature of the stolen information. *Id.* at 1027. That case is inapposite because, even though the plaintiffs had not experienced identity theft, a third party possessed their personal information. *Id.* at 1023. Here, Plaintiff has not alleged that anyone has seen the receipt.

The Court finds *Bassett* controlling. The relevant similarity between *Bassett* and Plaintiff's case is that the harm alleged is exposure to a **risk** of identity theft despite the fact that no one has seen the receipt and the customer has the ability to preclude anyone from ever seeing the receipt. The Ninth Circuit concluded this potential harm as pled was insufficient for standing in both *Bassett* and *Noble*. That analysis does not change when a plaintiff alleges that additional digits of a credit card were disclosed on the receipt.[4] *Cf. Kleg v. SP Plus Corp.*, No. 1:17-CV-03997-MLB-WEJ, 2018 WL 1807012, at *8 (N.D. Ga. Mar. 5, 2018) (examining case-law nationwide and finding no standing when the entire 16-digit credit card number was printed on receipt). Because Plaintiff has the ability to prevent anyone from seeing the receipt, there is no material risk of actual harm.

For the reasons discussed above, the Court finds the motion to dismiss should be granted.

**Dismissal without Prejudice**

Defendant seeks dismissal with prejudice arguing that bringing this claim in state court would be futile, to which Plaintiff objects. In its motion to lift the stay, Defendant argued that amendment before this Court would be futile; therefore, the case should be dismissed with prejudice.  (Doc. 29 at 7.) Whether the Court would allow amendment, which Plaintiff does not request, is a separate question from whether dismissal should be with or without prejudice.

---

[4] The parties dispute the significance of revealing the first six digits of a credit card number on the receipt. Several courts have observed that these digits represent the bank that issued the card, not a number personal to the cardholder. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 118, 120 (7th Cir. 2017) (holding that FACTA did not preclude the printing of the card issuer's identity on a receipt and that such information did not increase the risk of real harm); *Taylor v. Fred's, Inc.*, 285 F. Supp. 3d 1247, 1262 (N.D. Ala. Feb. 2, 2018), *appeal docketed*, No. 18-10832 (11th Cir. Mar. 5, 2018); *Kirchein v. Pet Supermarket, Inc.*, 297 F. Supp. 3d 1354, 1357 (S.D. Fla. 2018); *Kamal v. J. Crew Group, Inc.*, 2017 WL 2587617 (D. N.J. June 14, 2017), *appeal docketed*, No. 17-2345 (3d Cir. June 22, 2017). Here, Plaintiff raised a facial challenge to jurisdiction. Therefore, the Court must decide if the facts as alleged in the Complaint, taken as true without considering extrinsic evidence, invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Most importantly, the Court finds that the meaning of each credit card digit is only nominally relevant to the Court's determination of whether Plaintiff has suffered a concrete harm.

The rule in the Ninth Circuit is that dismissal for lack of jurisdiction, including when premised on standing, should be without prejudice. *See Fleck and Assoc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1106-07 (9th Cir. 2006); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissal is without prejudice so a plaintiff can assert the claim in a court of competent jurisdiction). Whether this claim can be properly raised in state court is not for this Court to decide. Other circuits have stated the rule with absolute clarity: "Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist." *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). The Court is not reaching the merits of the case due to lack of jurisdiction; therefore, dismissal should be without prejudice.

**Request for Attorney's Fees**

Defendant requests attorney's fees pursuant to 15 U.S.C. § 1681n(c), which provides that:

> [u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

Defendant argues that Plaintiff's counsel solicits clients through a website and has filed numerous FACTA lawsuits on behalf of individuals that suffered no actual harm (such as the Court determined in this case). Defendant has not demonstrated this action was filed in bad faith or to harass. The decision upon which this Court relies to resolve the motion to dismiss, *Bassett*, was decided seventeen months after this case was filed. The request for fees should be denied.

## CONCLUSION & RECOMMENDATION

The allegations in the Complaint do not establish that Plaintiff has standing to bring this suit. Therefore, the Court is without subject matter jurisdiction and the case should be dismissed without prejudice. There is no basis for an award of attorney's fees.

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendant Peter Piper's Motion to Dismiss (Doc. 14) and dismissing the case without prejudice. The Magistrate Judge further recommends denying Defendant's request for attorney's fees.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 28th day of June, 2018.

_____
Honorable Lynette C. Kimmins
United States Magistrate Judge